# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY SHEPHERD,<br><br>*Plaintiff,*<br><br>vs.<br><br>FIX AND FORGET COMPUTER AND TV CORP., a Kansas corporation no longer registered to do business in the State of Kansas,<br><br>and<br><br>MICHAEL HUTCHISON, individually, and as owner of FIX AND FORGET COMPUTER AND TV CORP.<br><br>*Defendants.* | Case No. 15-1068-EFM |

## MEMORANDUM AND ORDER

Plaintiff Timothy Shepherd filed this case against Defendants Fix and Forget Computer and TV Corp. and Michael Hutchison asserting that Defendants failed to pay Plaintiff for work performed by Plaintiff. Plaintiff filed an Application for Clerk's Entry of Default, which was granted. The matter currently before the Court is Plaintiff's Motion for Default Judgment (Doc. 15).

## I.     Factual and Procedural Background[1]

Plaintiff Timothy Shepherd was a part-time employee of Defendant Fix and Forget Computer and TV Corp.  This business is no longer registered with the Kansas Secretary of State's office because it failed to timely file required annual reports. Defendant Michael Hutchison is the owner and sole stockholder of Fix and Forget.

Defendants were in the business of servicing, maintaining, updating and installing computers, software, networks and other associated products to businesses and individuals. Plaintiff, as Defendants' employee, was employed to install computer system software upgrades to cash register systems.  Plaintiff performed several jobs for Defendants at several businesses, including Home Depot and Dollar General Stores.  Defendants did not pay Plaintiff for the work performed.

On March 20, 2015, Plaintiff filed suit.  He alleged four causes of action: (1) violation of the Fair Labor Standards Act, (2) breach of contract, (3) violation of the Kansas Minimum Wage and Maximum Hours Law, and (4) violation of the Kansas Wage Payment Act.  Defendants failed to timely respond.  Plaintiff then filed an Application for Clerk's Entry of Default. On May 22, 2015, the Clerk of the Court entered default. Plaintiff then filed a Motion for Default Judgment (Doc. 15).[2] Defendants did not respond to this motion. The Court held a hearing on June 23, 2015, on Plaintiff's motion. Plaintiff testified as to his damages. Defendants did not

---

[1] The following facts are taken from the Complaint and from testimony at the June 23, 2015, hearing.

[2] Between the time the Clerk entered default and Plaintiff's Motion for Default Judgment, Defendant Michael Hutchison filed a Motion to Produce and an Answer.  Plaintiff filed a Motion to Strike the motion and the Answer. Defendants did not file a response to Plaintiff's motion. During the June 23, 2015, hearing, the Court granted Plaintiff's motion and struck these pleadings.

appear at this hearing.  Post-hearing, Plaintiff's counsel submitted the total amount of damages sought, including his attorney fees.

## II.     Legal Standard

There is a two-step process to obtain a default judgment.  Federal Rule of Civil Procedure 55(a) allows a default entry against a party when that party has "failed to plead or otherwise defend" itself.  Following entry of default by the clerk, Rule 55(b)(2) permits a district court to enter default judgment.  In cases where a plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk, upon a plaintiff's request, must enter judgment for that amount and costs.[3]  However, in cases where a plaintiff's claim is not for a sum certain or cannot be made certain by computation, the party must apply to the court for a default judgment.[4]  "The court may conduct hearings or make referrals . . . to determine the amount of damages."[5]  "A trial court is vested with broad discretion in deciding whether to enter a default judgment."[6]

## III.     Analysis

Plaintiff followed the two-step process under Federal Rule of Civil Procedure 55.  At the hearing, Plaintiff presented evidence of his damages. With regard to his damages, Plaintiff submitted evidence that he worked a total of 75.5 hours for which he had not been paid.  Plaintiff sought minimum wage, $7.25 per hour, for these hours totaling $547.37.

---

[3] Fed. R. Civ. P. 55(b)(1).

[4] Fed. R. Civ. P. 55(b)(2).

[5] Fed. R. Civ. P. 55(b)(2)(B).

[6] *DeMarsh v. Tornado Innovations, L.P.*, 2009 WL 3720180, at *2 (D. Kan. Oct. 15, 2009) (quoting *Galloway v. Hadl*, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008)).

Post-hearing, Plaintiff's counsel submitted the total amount of damages sought. This amount includes the $547.37 referenced above. It also includes $547.37 in liquidated damages.[7] And it includes $3,273.22 for attorney fees and costs. Plaintiff's attorney fees are $2,767.50 for the 12.30 hours in counsel's time.[8] Plaintiff's costs are $505.72. The grand total amounts to $4,367.96. In sum, the Court grants Plaintiff's Motion for Default Judgment and finds that Plaintiff is entitled to $4,367.96 ($547.37 in compensatory damages, $547.37 in liquidated damages, and $3,273.22 in attorney fees and costs).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment and Request for Hearing on Damages (Doc. 15) is hereby **GRANTED** and Plaintiff's Motion for Attorney Fees and Damages (Doc. 20) is hereby **GRANTED**. Judgment shall be entered in favor of Plaintiff Timothy Shepherd and against Defendants Fix and Forget Computer and TV Corp. and Michael Hutchison in the amount of $4,367.96.

**IT IS SO ORDERED**.

Dated this 30th day of June, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[7] Under the FLSA, "[a]ny employer who violates [the minimum wage provision] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

[8] Plaintiff's counsel charges $225.00 an hour for his time.